## Case No. 2,119.

### In re BULL et al.

[4 Dill. 323.][1]

Circuit Court, D. Nebraska. 1877.[2]

HABEAS CORPUS—REV. ST. §§ 753, 5278, 5279, CON-
STRUED — POWER OF FEDERAL COURT TO RE-
LEASE ON HABEAS CORPUS PERSONS IN CUSTODY
UNDER STATE AUTHORITY.

1. A person indicted in a state court for an
act done in pursuance of a law of the United
States, may be discharged from custody under
such indictment, on a writ of habeas corpus, is-
sued by a federal court or judge, under section
753 of the Revised Statutes of the United
States.

[Cited in Re Neagle, 39 Fed. 851.]

2. The relators were indicted in a state court
for kidnapping, and were in custody under such
indictment; they applied to a federal judge for
a writ of habeas corpus, stating, in their peti-
tion for the writ, that they were indicted for
acts done by them under sections 5278 and 5279
of the Revised Statutes of the United States,
in executing a requisition for the surrender of
the person alleged to have been kidnapped as a
fugitive from justice; it appearing to the cir-
cuit court, on appeal, that this claim of the re-
lators was not true: Held, that they were not
entitled to be discharged, and the order of the
district judge of the district, discharging the
relators, was reversed.

[Cited in Re Burke, Case No. 2,158; Re Mil-
ler, 42 Fed. 308.]

[Appeal from the district court of the
United States for the district of Nebraska.

[At law. Petition by Jesse H. Bull and
William Turtle for a writ of habeas corpus,
directed to Samuel McClay, sheriff, requiring
him to produce the petitioners. On the re-
turn of the writ the petitioners were dis-
charged from custody by the district judge.
The sheriff appealed, and the order of dis-
charge was reversed.]

One John H. Blair was indicted in Chicago,
in Cook county, Illinois, for perjury. The
governor of Illinois issued his requisition, in
due form, upon the governor of Nebraska,
demanding the surrender and return of Blair
to the state of Illinois. Mr. Bull, one of the
relators, was appointed messenger, or agent,
by the governor of Illinois, to receive and
convey Blair to Cook county. The governor
of Nebraska complied with the requisition,
and caused the arrest of Blair in Lancaster
county, Nebraska, and delivered him to Mr.
Bull. Mr. Turtle, the other relator, was the
assistant of Bull. Instead of taking Blair
to Chicago by the nearest route, Bull and
Turtle took him to St. Louis, and from
thence one of them took him to New York,
and thence to England, where he was ar-
rested as soon as the ship on which he sail-
ed had landed, and he was there confined in
prison some months, until he was demanded
by the government of the United States, and
released by the government of Great Brit-
ain. This demand and release were upon the

ground that Blair had been abducted from
the United States. On Blair's return to this
country he proceeded to Nebraska, and the
criminal proceeding in Illinois has never
been prosecuted. After Blair's return, the
grand jury of the state district court of Lan-
caster county, Nebraska, found an indict-
ment against Bull and Turtle for kidnap-
ping Blair, and forcibly and illegally taking
him out of the state of Nebraska. They
were arrested by the respondent, the sheriff
of Lancaster county, upon a capias issued by
the Lancaster district court upon this in-
dictment, and were held in custody under
that writ. They, thereupon, presented their
petition for a writ of habeas corpus to the
Hon. E. S. Dundy, the district judge of the
United States for Nebraska, properly veri-
fied, setting forth, in substance, that they
were restrained of their liberty and unlaw-
fully imprisoned by Samuel McClay, sheriff
of Lancaster county, the respondent; that
they were so restrained and imprisoned sole-
ly for acts lawfully done by them under and
by virtue of the constitution and laws of
the United States; that the state of Nebras-
ka was proceeding to try and seeking to
convict and punish them for said acts in vio-
lation of the constitution of the United
States, and the laws made in pursuance
thereof; that the respondent claimed the
right to hold the said relators by virtue of a
capias issued by authority of law from the
state district court of Lancaster county; that
the capias was based upon an indictment
found by the grand jury of said county, in
May, 1876, against the relators, for kidnap-
ping one John H. Blair, on or about the
6th day of November, 1875; that the laws
of the United States specially and specifical-
ly authorized the relators to do the acts
complained of, and for which they were in-
dicted; that the said Blair had been indicted
in Cook county, state of Illinois, for the
crime of perjury there committed, and had
fled to the state of Nebraska, when and
where he was duly arrested as a fugitive
from justice; that the governor of the state
of Illinois issued his requisition in due form
upon the governor of Nebraska, demanding
the surrender and return of the said Blair
to the state of Illinois; that Jesse H. Bull
was duly appointed messenger to receive
and convey to said state the said Blair;
that the governor of the state of Nebraska
duly honored the said requisition, and caused
the arrest of said Blair, who was properly
and lawfully delivered to the said messenger;
that the said Turtle was present assisting
said Bull, at his request; and that the sev-
eral things here enumerated are the inden-
tical acts for which they were indicted, and
are now held in custody. The writ was is-
sued, and the respondent made return to the
writ and produced the relators, as he was
commanded to do. The return to the writ
shows clearly enough that the respondent
then held the relators on a capias duly is-

---

[1] [Reported by Hon. John F. Dillon, Circuit
Judge, and here reprinted by permission.]

[2] [Reversing U. S. v. McClay, Case No.
15,660.]

sued from the district court of Lancaster county, as stated in the petition. When the writ was returned, the relators filed a replication to the return, reiterating the substance of the petition. Counsel for the respective parties being present, the hearing was at once entered upon. Proceedings were had "in a summary way to determine the facts of the case, by hearing the testimony and arguments," for the purpose of disposing of the relators, "as law and justice require," as provided by section 761 of the Revised Statutes of the United States. After hearing all the testimony, the district judge entered an order discharging the relators from the custody of the respondent. [U. S. v. McClay, Case No. 15,660.] The facts of the case, the law pertaining to it, the positions taken by the respective counsel, and the conclusions of the district judge, were stated with great clearness in an opinion which accompanies the record on this appeal.

The district judge summed up his conclusions as follows: "These views lead me to conclude—1. That Blair was properly indicted in Cook county, state of Illinois, for the crime of perjury. 2. That the requisition and warrant issued by Governor Beveridge, of Illinois, under which Bull acted as messenger, were regular in form, and, therefore, valid and binding on all concerned. 3. That the warrant issued by Governor Garber, of Nebraska, on which Blair was arrested and removed from this state, was regular on its face, and was a valid and lawful one. 4. That all of these proceedings were had under and in pursuance of the constitution of the United States, and the act of congress passed in pursuance thereof, known as the 'extradition act.' 5. That any effort or attempt on the part of the state authorities to hold or punish the relators for the removal of Blair under the requisition for extradition, is without authority and void. 6. That the writ in this case was properly issued, and inquiry thereunder properly made, for the purpose of showing that the relators were held in custody for removing Blair from this state on the requisition of the governor of Illinois. It necessarily follows that the relators have not invoked in vain the aid of this 'high prerogative writ.' They must, therefore, be discharged from the custody of the respondent, and it is so ordered."

The respondent, the sheriff, appealed to this court from the order discharging the relators from custody, and the cause was submitted on the pleadings, proofs, and exhibits.

Hunter & Sawyer and Brown, England & Brown, for appellant.

Lamb, Billingsley & Lamberson and R. E. Knight, for relators (appellees).

DILLON, Circuit Judge. The writ of habeas corpus in this case was issued by the district judge for this district, under the authority conferred by that clause of section 753 of the Revised Statutes of the United States which relates to the case of a prisoner "in custody for an act done in pursuance of a law of the United States." The law of the United States here referred to is to be found in sections 5278 and 5279 of the Revised Statutes, providing for the demand and surrender of fugitives from justice. The relators claim that they have been indicted in the state court and arrested by its process for an act done by them in pursuance of the law of the United States relating to this subject, as incorporated in the two sections of the Revised Statutes above cited.

If the relators had been indicted and were in custody solely for acts done in pursuance of this statute, I agree with the learned district judge, in the elaborate and able opinion which he has filed in the case, that they could be properly discharged on habeas corpus. The cases referred to by him fully support his judgment on this point. U. S. v. Jailer of Fayette County [Case No. 15,463]; Ex parte Robinson [Id. 11,934]; Ex parte Jenkins [Id. 7,259]; In re Neill [Id. 10,089]; Ex parte Smith [Id. 12,968]; Ex parte Bridges [Id. 1,862]; U. S. v. Morris [Id. 15,811]; Ex parte Robinson [Id. 11,935].

If the identity of the act which forms the basis of the indictment with the act done in pursuance of the United States statute appeared on the face of the record. there seems to be no doubt as to the power of the federal court or judge, under the legislation of congress, to discharge the prisoner on habeas corpus. Ex parte Bridges [supra]. If this identity does not thus appear, the cases above cited establish a settled construction of the existing statute relating to the writ of habeas corpus, that this may be shown by proofs aliunde. Testimony on this subject was introduced before the district judge by the relators and by the respondent; and the same evidence is now before the circuit court. The district judge found, as a matter of fact, that all that was done by the relators within the territorial limits of Nebraska, was done by them under and in pursuance of the act of congress. In other words, he found as a fact that the purpose of the relators not to convey and deliver Blair to the proper authorities in Illinois, under the requisition, was formed after they had left the state of Nebraska, and not until they had reached the city of St. Louis. And thus finding, he held that their acts could not, by "relation," reach back to the time when they originally received Blair at Lincoln. in Lancaster county, Nebraska, so as to make them guilty of the crime of kidnapping within the last named county. I have read all the proofs in this case with attention and care; and while I admit that there is much conflicting testimony, I am constrained to differ with my learned brother as to what it

ought to be taken (on such a hearing as this) as establishing, or as tending to establish, with such cogency as to make it proper to withdraw the case from the state tribunals by means of the writ of habeas corpus.

Upon the proofs before me, I am not satisfied that the relators kept within the scope of their duty under the requisition, or acted in pursuance of it. On the contrary, it seems to me that there is strong ground to maintain and believe that the procuring of the indictment against Blair in Chicago, the application for the requisition, and for the arrest of Blair, and the taking of him out of the state of Nebraska, and to England, were all part of a plan, formed beforehand, to effect this precise result, and that it was not the intention of the relators, at any time, to take their prisoner, under the requisition, to the state of Illinois to answer to the indictment. If so, it is clear that the relators could not justify their acts under sections 5278 and 5279 of the Revised Statutes, and they ought, in this event, to answer to the criminal justice of the state whose laws they have violated.

There is no provision of law for the removal of such a case as that of the indictment against the relators to a court of the United States for trial. Where it is clear that the imprisonment under the state authority is for an act done in pursuance of federal authority and warranted by it, it may be conceded that the federal judicial tribunals or judges may, on habeas corpus, discharge the prisoner from custody. But this should appear with reasonable certainty to justify a federal court or magistrate in withdrawing the case in this summary manner from the jurisdiction of the state court. If the latter court proceeds with it and denies the party any of the rights given or secured by the constitution, laws, or authority of the United States, he has a remedy by a writ of error in the supreme court of the United States. Rev. St. § 709.

An order will be entered in this court reversing and setting aside the order of the district judge discharging the relators from the custody of the respondent. Ordered accordingly.